UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VANIA SIMPRI,

                Plaintiff,

-against-

MATHIEU REMILLARD, et al.,

                Defendants.

**ORDER**

22-CV-03531 (PMH)

PHILIP M. HALPERN, United States District Judge:

On May 2, 2022, Defendants Mathieu Remillard, 2857-2899 Quebec Inc., and MTY Express (collectively, "Defendants") filed a Notice of Removal seeking to remove this action from the Supreme Court of the State of New York, County of Putnam, to this Court. (Doc. 1, "Not. of Removal"). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Putnam.

## BACKGROUND

On or about November 23, 2021, Plaintiff Vania Simpri ("Plaintiff") filed a Verified Complaint commencing this action against Defendants in the Supreme Court of the State of New York, County of Putnam. (*See* Not. of Removal ¶ 1; *see also* Doc. 1-1, "Compl."). Plaintiff claimed that she was injured on April 9, 2018 when the motor vehicle operated by Mathieu Remillard "violently rear-ended the motor vehicle operated by the Plaintiff." (Compl. ¶¶ 14-16). Plaintiff alleges that 2857-2899 Quebec Inc. was the registered owner of the vehicle, and that MTY Express was the named policy holder of an insurance policy insuring the vehicle. (*Id.* ¶¶ 5-7). Plaintiff presses a negligence claim against Defendants. (*Id.* ¶¶ 1-24).

Defendants, in the Notice of Removal, do not aver when they received copies of the Summons and Verified Complaint; however, Defendants contend that they removed this action

from state court pursuant to 28 U.S.C. §§ 1332 and 1441 (Not. of Removal ¶ 9; *id*. at 4) "within thirty days of the April 1, 2022 alleged date-of-service" set forth in USPS Tracking documents annexed as exhibits to the Notice of Removal. (Doc. 1-2; Doc. 1-3). Defendants make two points to support their contention that this Court may exercise subject-matter jurisdiction over this dispute. First, Defendants contend that complete diversity exists in this case because Plaintiff is a citizen of New York while Defendants are citizens of Canada. (Not. of Removal ¶ 5). Second, while Plaintiff does not identify an amount in controversy (*id*. ¶¶ 6-7, 9; *see also* Compl.), Defendants submit that "[g]iven the allegations in Plaintiff's Verified Complaint regarding serious and permanent injuries, Defendants reasonably believe this action alleges an amount in controversy exceeding this Court's jurisdictional threshold of $75,000.00." (Not. of Removal ¶ 6).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While a defendant need not "prove the amount in controversy to an absolute certainty," the defendant "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional

amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273-74).[1]

In an action to recover damages for personal injuries in New York, a plaintiff's complaint "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). Consequently, Plaintiff does not identify a specific sum of money, but alleges only that she has suffered loss "in a monetary amount, which exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction over this matter." (Compl. ¶ 24). Where, as here, removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2). The Court makes no such finding here.

The Verified Complaint represents on its face that Plaintiff "sustain[ed] serious traumatic protracted and permanent personal injuries" and that:

> because of the above stated accident, [Plaintiff] was caused . . . to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom . . . in a monetary amount, which exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction over this matter.

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

(Compl. ¶¶ 17, 23, 24). Defendants simply contend that they "reasonably believe" the $75,000 threshold is met because the injuries pled are "serious" as defined by New York Insurance Law § 5102(d). (Not. of Removal ¶¶ 6-7). "The allegation of a 'serious injury' refers to a term of art under the New York Insurance Law 'No Fault' provisions that allows a claimant to escape the prohibition against litigation . . . . There is no reason one cannot have a 'serious injury' as defined in the Insurance Law and still seek less than $75,000 in damages." *Casas v. Brewer*, 523 F. Supp. 3d 267, 268 (E.D.N.Y. 2021).

As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), the conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Villafana*, 2013 WL 2367792, at *2; *Sailer v. Responsive Trucking, Inc.*, No. 12-CV-4822, 2012 WL 4888300, at *2 (S.D.N.Y. Oct. 15, 2012); *see also Daversa v. Cowan Equip. Leasing, LLC*, No. 20-CV-163, 2020 WL 967436, at *3 (E.D.N.Y. Feb. 28, 2020); *Hughes*, 2017 WL 2623861, at *2 ("Such a barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction.").

## **CONCLUSION**

Based upon the foregoing, the Court concludes that Defendants failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000, and that removal was improper. Accordingly, the action is remanded to the Supreme Court of the State of New York, County of Putnam. The Clerk is directed to send a copy of this Order to the Supreme Court of the State of New York, County of Putnam, and to close this action. All pending matters are hereby terminated.

5

                                       **SO ORDERED:**

Dated:  White Plains, New York
          May 3, 2022

                                       _____
                                       PHILIP M. HALPERN
                                       United States District Judge